70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jody DISNEY, Defendant-Appellant.
 No. 95-538.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before: KEITH, KENNEDY, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Jody Disney, appeals from the sentence imposed following his plea of guilty to two counts of cocaine distribution. He contends that the district court clearly erred in treating prior cocaine distribution as relevant conduct for sentencing purposes. We agree, and will reverse, and remand for resentencing.
 
 I.
 
 2
 Disney met a Kentucky State Police undercover officer in a Kmart parking lot in Corbin, Kentucky, on June 9, 1994, and sold him one ounce of cocaine. This meeting was arranged by a confidential informant who was an acquaintance of Disney. Another meeting was arranged for June 28, 1994, also in Corbin, at which time Disney sold the same undercover officer three ounces of cocaine. At a third meeting on July 19, 1994, Disney told the undercover officer that he had previously sold cocaine in Jellico, Tennessee, to an individual named "Tony." After purporting to sell the officer a pound of cocaine, Disney was arrested. In reality, however, what Disney was selling on this occasion was only flour.
 
 
 3
 Disney was charged in an indictment with two counts of distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He entered into a plea agreement with the government, in which he agreed to plead guilty to both counts, and the government agreed not to oppose a sentence at the low end of the guideline range.
 
 
 4
 The Presentence Investigation Report recommended that the basis for Disney's sentencing range include not only the 189.74 grams sold to the Kentucky State Police undercover officer, but also 70.7 grams which he had sold on three occasions in Jellico, Tennessee, in November 1993 to an undercover officer named "Tony" working with the Tennessee Bureau of Investigation. This resulted in a total of 260.44 grams of cocaine, for a base offense level of 20. After a three-point reduction for acceptance of responsibility, Disney's total offense level was 17. With a criminal history category of I, the applicable imprisonment range was 24 to 30 months.
 
 
 5
 Disney objected to treating the three Tennessee sales as relevant conduct, on the ground that they were "completely outside the scope" of the crimes with which he was charged in the Kentucky indictment. Disney's sentencing range without the Tennessee sales would have been 18 to 24 months imprisonment.
 
 
 6
 The court rejected Disney's argument, relying on two factors in support of the conclusion that the prior sales were relevant conduct:
 
 
 7
 One [factor] is that the probation office contacted the Tennessee ... law enforcement officer, and has talked to him about the circumstances of the drug buys, three of them, and has gotten the amounts there. And secondly, the defendant himself in making the drug deal in Corbin in June or July of 1994, said himself that he had sold cocaine in Jellico, Tennessee.
 
 
 8
 It's clearly the relevant course of conduct, or ... [t]he course of conduct, same course of conduct and so it's to be considered as relevant conduct.
 
 
 9
 We have to look really at three things, temporal proximity, regularity, and similarity. Similarity and temporal proximity are here.
 
 
 10
 Based on the plea agreement, the court sentenced Disney at the low end of the applicable range, to 24 months imprisonment.
 
 II.
 
 11
 This court reviews for clear error the factual findings of a district court regarding the amount of drugs for which a defendant is held accountable as relevant conduct. United States v. Critton, 43 F.3d 1089, 1098 (6th Cir.), cert. denied, 115 S.Ct. 1987, and cert. denied, 115 S.Ct. 2004 (1995). Specifically, the district court's determination that acts are part of a common scheme or plan or the same course of conduct is a factual determination that must be upheld on appeal unless the finding is clearly erroneous. United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994).
 
 III.
 
 12
 The government argues that because the sales in question were "only" eight months apart; because the same kind of drug was involved on both occasions; because Jellico is only thirty miles distant from Corbin; because Disney was known to sell cocaine in both Kentucky and Jellico, Tennessee; and because he informed the Kentucky undercover officer of his previous sales in Tennessee, the facts establish that Disney was engaged in a regular course of conduct for which he should have been held accountable at sentencing.
 
 
 13
 The government relies on U.S.S.G. Sec. 1B1.3(a)(2),[1] which provides in relevant part as follows:
 
 
 14
 (a) ... Unless otherwise specified, (i) the base offense level ... shall be determined on the basis of the following:
 
 
 15
 ....
 
 
 16
 (2) solely with respect to offenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts, all acts and omissions [committed, aided, abetted, counseled, commanded, induced, procured, or willfullycaused by the defendant] that were part of the same course of conduct or common scheme or plan as the offense of conviction[.]
 
 
 17
 Section 3D1.2(d), in turn, provides that multiple counts shall be grouped in cases where "the offense level is determined largely on the basis of ... the quantity of a substance involved." U.S.S.G. Sec. 3D1.2(d). Accordingly, prior sales of cocaine should, generally speaking, be treated as relevant conduct when a defendant is convicted of cocaine distribution, because those counts of conviction based on those sales would be grouped under section 3D1.2(d). See U.S.S.G. Sec. 1B1.3, comment. (n. 3). This rule applies regardless of whether a defendant is actually charged in the federal indictment with the prior sales. U.S.S.G. Sec. 1B1.3, comment. (backg'd.).
 
 
 18
 The fact that, generally speaking, multiple sales of cocaine should be treated as relevant conduct, does not mean that it is always appropriate to do so, or that it is appropriate in this particular instance. As section 1B1.3(a)(2) specifies, in order to be relevant conduct, the prior sales must be "part of the same course of conduct or common scheme or plan as the offense of conviction." The "common scheme or plan" language is inapplicable to this situation, where the defendant acted alone; that language "resembles in essence the Pinkerton attribution to co-conspirators of '... the same or other acts in furtherance of the conspiracy ... for the purpose of holding them responsible for the substantive offense,' " United States v. Lafraugh, 893 F.2d 314, 317 (11th Cir.1990) (quoting Pinkerton v. United States, 328 U.S. 640, 647 (1946)), cert. denied, 496 U.S. 911 (1991), and is simply used to attribute "the overt act of the partner in crime ... to all" members of a conspiracy, id.; see also U.S.S.G. Sec. 1B1.3, comment. (n. 9(A)).
 
 
 19
 Thus, it is the "same course of conduct" language which we must apply. The sentencing guidelines provide the following guidance:
 
 
 20
 Same course of conduct. Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required.
 
 
 21
 U.S.S.G. Sec. 1B1.3, comment. (n. 9(B)) (emphasis added).
 
 
 22
 In this case, the time interval factor is weak. A duration of eight months between transactions, without evidence of circumstances connecting the two events, is long enough to suggest that the two transactions are not part of the same course of conduct. While the guideline commentary makes clear that a court is not to rely solely on the time interval factor, we find the time lapse between incidents in this case to be sufficiently lengthy that it heavily influences our ultimate determination that the two transactions were not part of the same course of conduct. See United States v. Fermin, 32 F.3d 674, 681 (2d Cir.1994), cert. denied, 115 S.Ct. 1145 (1995). While we are aware that this court has, on occasion, treated transactions occurring twenty months apart as occurring within the "same course of conduct," United States v. Miller, 910 F.2d 1321, 1326 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991), we nonetheless conclude that here, the relevant circumstances do not lend themselves to that conclusion.
 
 
 23
 As the guideline commentary makes clear, the other two factors to be considered--the degree of similarity of the offenses, and the regularity of the offenses--must be strong in order to compensate for the lack of temporal proximity. In that regard, we note first that the Tennessee offenses are not entirely similar to the Kentucky offenses. Obviously, the defendant was selling cocaine on both occasions. However, there are significant differences. The amounts sold were quite different, as Disney sold much larger quantities in Kentucky than in Tennessee. The undercover agent he sold to and the law enforcement agencies involved in the two transactions were different, and the activity occurred in different states. In fact, other than the fact that Disney was selling cocaine on both occasions, the record discloses no similarities. This is a far different case, therefore, than United States v. Nichols, 979 F.2d 402, 412 (6th Cir.1992), aff'd on other grounds, 114 S.Ct. 1921 (1994), where the court concluded that a prior drug purchase was relevant conduct when the two instances were separated by only three months, and the two instances involved the same conspirators, the same undercover agents, the same drug, and the same objective of purchasing kilogram quantities of cocaine. See also Fermin, 32 F.3d at 681.
 
 
 24
 Finally, there is no evidence in the record that the defendant engaged in any cocaine-selling in the interval between November 1993 and June 1994. Accordingly, it cannot be said that the defendant engaged in this conduct with any "regularity." See United States v. Montoya, 952 F.2d 226, 229 (8th Cir.1991).
 
 
 25
 In sum, two isolated incidents, separated by eight months and exhibiting only minimal similarity, do not constitute the same course of conduct, and the district court clearly erred in so concluding. We conclude that the connection between the events is simply too tenuous to amount to the same course of conduct under section 1B1.3.
 
 IV.
 
 26
 We REVERSE, and REMAND for resentencing in accordance with this opinion.
 
 
 
 [1]
 During oral argument, the government maintained that U.S.S.G. Sec. 1B1.3(A)(1)(b) was the pertinent provision, but this is plainly incorrect. That subsection relates only to "jointly undertaken activity"; Disney, however, acted alone. We note, moreover, that the government relied on Sec. 1B1.3(a)(2) in its district court filings